### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| MANOGNA DEVABHAKTUNI, | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **No. 3:19-CV-2846-G-BH** |
| | ) | |
| CHILIA MART, et al., | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's *Application to Proceed in Forma Pauperis,* filed November 27, 2019 (doc. 3).  Based on the relevant filings and applicable law, the application should be denied, and the case should be summarily **DISMISSED** without prejudice unless the plaintiff timely pays the filing fee.

### I.

In a rambling handwritten two-page complaint with numerous attachments, Manogna Devabhaktuni Manogna a/k/a Devabhaktuni Manogna (Plaintiff) appears to allege that a United States Magistrate Judge who recommended that she be sanctioned for filing numerous frivolous cases planned a murder.  (*See* doc. 3 at 1.)  She seeks leave to proceed *in forma pauperis* (IFP).  (*See* doc. 3.)  No process has been issued.

### II.

After filing multiple lawsuits in this district within the last three months, Plaintiff was sanctioned for filing frivolous lawsuits and barred from proceeding IFP in this district:

> Plaintiff is hereby **SANCTIONED** and **BARRED** from proceeding in *forma pauperis* in any civil action in this court - whether she files the action in this court, she files it in another court and it is removed to this court, or she files in another federal court and it is transferred to this court.

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

*See Manogna Devabhaktuni v. Honorable David C. Godbey,* No. 3:19-CV-2216-G (BT) (N.D. Tex.

Oct. 28, 2019), doc. 6 at 1. She has now filed more than 40 lawsuits in four months. Courts observe

and enforce their own sanctions orders. *Sabedra v. Meadows*, No. 3:05-CV-1304-L, 2006 WL

1499985, at *1 (N.D. Tex. May 5, 2006) (recommendation of Mag. J.), *accepted by* 2006 WL

1571669 (N.D. Tex. May 31, 2006). Based on the sanctions order in Cause No. 3:19-CV-2216-G,

Plaintiff may not proceed IFP and must pay the filing fee before she may proceed with this case.

### III.

Because Plaintiff is subject to the sanctions order in Cause No. 3:19-CV-2216-G, her

application to proceed *in forma pauperis* in this case should be **DENIED**, and her claims should be

summarily **DISMISSED** without prejudice unless she pays the full filing fee[2] prior to acceptance

of this recommendation, or before a deadline otherwise established by the Court.

**SO RECOMMENDED this 5th day of December, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3